FILED
MAR 2 0 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAIME QUINTERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **12 0435** |
| ) | |
| UNITED STATES SENTENCING ) | |
| COMMISSION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

It appears that the plaintiff is serving a term of life imprisonment, and that he disputes whether "life" means "natural life" or a 360-month term of incarceration. *See* Compl. at 3 (page number designated by the Court). The plaintiff alleges that the sentence imposed by the United States District Court for the District of Arizona is illegal, and he requests "a new sentencing with hearing according with Criminal Rule 43" or, alternatively, his "release from prison." *Id.*

The Court construes the complaint as a challenge to the legality of the plaintiff's criminal sentence. A challenge of this nature must be presented to the sentencing court in a motion under 28 U.S.C. § 2255. *See Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997). Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255(a) (emphasis added).

    The court will dismiss the complaint for lack of subject matter jurisdiction and it will be dismissed. An Order accompanies this Memorandum Opinion.

                                                     /s/
                                          United States District Judge

DATE: 3/14/12